UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CASE NO.: 16-18905-BKC-AJC
Chapter 7

**JUAN RODRIGUEZ**
SSN: XXX-XX-4248

Debtor. /

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF THE DEBTOR'S VEHICLE AND THE ESTATE'S INTEREST IN THE DEBTOR'S 2016 TAX REFUND, IF ANY**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Juan Rodriguez (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Debtor's Vehicle and the Estate's Interest in the Debtor's 2016 Tax Refund, If Any (the "Motion"), and in support thereof, states as follows:

## I. Background

1. This case commenced with the filing of a voluntary Chapter 7 Petition on June 23, 2016. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests of the Estate. The details of the analysis and agreement are set forth in the Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of

Debtor's Non-Exempt Assets and (B) Turnover of the Debtor's Vehicle and the Estate's Interest in the Debtor's 2016 Tax Refund, If Any, attached hereto as Exhibit "A."

3. The Stipulation provides for the repurchase of Debtor's non-exempt assets (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II. Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

8. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a) the probability of success in the litigation;

(b) the difficulties, if any, to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Juan Rodriguez, respectfully requests this Honorable Court enter an Order (1) granting the

instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on August 23, 2016, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Joel L. Tabas

Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
JTabas@tabasfreedman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: CASE NO.: 16-18905-BKC-AJC
Chapter 7

**JUAN RODRIGUEZ**
SSN: XXX-XX-4248
Debtor(s). /

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR(S)' NON-EXEMPT ASSETS AND (B) TURNOVER OF THE DEBTOR'S VEHICLE AND THE ESTATE'S INTEREST IN THE DEBTOR'S 2016 TAX REFUND, IF ANY**

Joel L. Tabas, as Chapter 7 Trustee, and the Debtor, Juan Rodriguez (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Debtor's Vehicle and the Estate's Interest in the Debtor's 2016 Tax Refund, If Any (the "Stipulation"). The Trustee and the Debtor(s) agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on June 23, 2016. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's analysis.

**THE SETTLEMENT**

6. The Trustee and the Debtor agree to (A) compromise the valuation and repurchase of the non-exempt interest in the Property for $3,500.00 (the "Settlement Amount") and (B) Turnover of the Debtor's 2005 Dodge Durango (the "Vehicle") and the Estate's Interest in the Debtor's 2016 Tax Refund, If Any (the "Refund").

JR
Initials

**EXHIBIT "A"**

7. The $1,000.00 vehicle exemption permitted pursuant to Fla. Stat. § 222.25(1) was contemplated in the negotiation of this Settlement Agreement, therefore the Debtors agree that any sums obtained from the liquidation of the Vehicle is property of the Estate and the Debtor is not entitled to any portion thereof.

8. The Debtor agrees to surrender the Vehicle and the original title within five (5) days of execution of this Stipulation Agreement to the entity and location specified by the Trustee.

9. The Debtor agree that 48% of the Refund, if any, is property of the Estate, and consents to the direct payment by the Internal Revenue Service ("IRS") of the full amount the Refund to the Trustee. To the extent that the IRS does not forward the Refund directly to the Trustee, the Debtor agrees to forward the Refund check received from the IRS to the Trustee immediately upon receipt of same. In the event that the Debtor receive the Refund by electronic transfer or direct deposit, the Debtor agree to remit the full amount of the Refund received, in the form of a cashier's check or money order, to the Trustee, within three (3) days of receipt. The Debtor further agrees not to spend any portion of the Refund, or take any actions, including but not limited to instructing the IRS to apply the Refund to future tax obligations, which would impair the Estate's interest in the Refund.

10. The Debtor agrees to file his 2016 Federal Income Tax Return on or before April 15, 2017, and to provide a copy to the Trustee within three (3) days of filing same.

11. The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| HHG | 44.24% | $ 1,548.56 |
| Chase #5794 | 32.37% | $ 1,133.09 |
| Chase #9829 | 23.38% | $ 818.35 |

Initials

12. The Trustee and the Debtor agree that the Settlement Amount shall be paid in ten (10) consecutive monthly installments of $370.00 each month, with the first payment to be made on or before September 15, 2016 and each subsequent payment due on the same day each month thereafter until a total amount of $3,700.00 is paid in full by July 15, 2017. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

13. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Juan Rodriguez , Case No.: 16-18905-BKC-AJC," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, ~~Florida 33132.~~

**OTHER TERMS AND CONDITIONS**

14. The Debtor(s) represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor(s) has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

15. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the

JR
Initials

statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

16. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

17. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

18. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE

JR
Initials

Dated this 19 day of August, 2016.

Juan Rodriguez
1919 SW 107TH AVENUE #605
Miami, FL 33165-7345

Dated this 23 day of August, 2016.

Joel L. Tabas, Trustee
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708

Dated this 19 day of August, 2016.

for Robert Sanchez, Esq.

355 W 49 St

Miami, FL 33012

Initials

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re: CASE NO.: 16-18905-BKC-AJC
Chapter 7

**JUAN RODRIGUEZ**
SSN: XXX-XX-4248

Debtor. /

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS AND (B) TURNOVER OF THE DEBTOR'S VEHICLE AND THE ESTATE'S INTEREST IN THE DEBTOR'S 2016 TAX REFUND, IF ANY**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtor's Non-Exempt Assets and (B) Turnover of the Debtor's Vehicle and the Estate's Interest in the Debtor's 2016 Tax Refund, If Any (the "Motion"), and the Court, having reviewed the Motion, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, finding that the

**EXHIBIT "B"**

notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, and the movant, by submitting this form of order, having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

The Trustee and the Debtor agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| HHG | 44.24% | $ 1,548.56 |
| Chase #5794 | 32.37% | $ 1,133.09 |
| Chase #9829 | 23.38% | $ 818.35 |

The Trustee and the Debtor agree that the Settlement Amount shall be paid in ten (10) consecutive monthly installments of $370.00 each month, with the first payment to be made on or before September 15, 2016 and each subsequent payment due on the same day each month thereafter until a total amount of $3,700.00 is paid in full by July 15, 2017. This amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.[1]

[1] In the event that the Debtor pays the total amount due earlier than scheduled, the Trustee shall upload an amended order to reflect the revised amount to be collected by the Estate, deducting any unincurred bank fees.

The $1,000.00 vehicle exemption permitted pursuant to Fla. Stat. § 222.25(1) was contemplated in the negotiation of this Settlement Agreement, therefore the Debtors agree that any sums obtained from the liquidation of the Vehicle is property of the Estate and the Debtor is not entitled to any portion thereof.

The Debtor agrees to surrender the Vehicle and the original title within five (5) days of execution of this Stipulation Agreement to the entity and location specified by the Trustee.

The Debtor agree that 48% of the Refund, if any, is property of the Estate, and consents to the direct payment by the Internal Revenue Service ("IRS") of the full amount the Refund to the Trustee. To the extent that the IRS does not forward the Refund directly to the Trustee, the Debtor agrees to forward the Refund check received from the IRS to the Trustee immediately upon receipt of same. In the event that the Debtor receive the Refund by electronic transfer or direct deposit, the Debtor agree to remit the full amount of the Refund received, in the form of a cashier's check or money order, to the Trustee, within three (3) days of receipt. The Debtor further agrees not to spend any portion of the Refund, or take any actions, including but not limited to instructing the IRS to apply the Refund to future tax obligations, which would impair the Estate's interest in the Refund.

The Debtor agrees to file his 2016 Federal Income Tax Return on or before April 15, 2017, and to provide a copy to the Trustee within three (3) days of filing same.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jtabas@tabasfreedman.com

Copy furnished to:

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a Certificate of Service.

16-18905-AJC
Amc Mortgage Services
Po Box 11000
Santa Ana, CA 92711-1000

16-18905-AJC
Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

16-18905-AJC
Cap One
Po Box 5253
Carol Stream, IL 60197-5253

16-18905-AJC
CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

16-18905-AJC
Cbna
Po Box 6497
Sioux Falls, SD 57117-6497

16-18905-AJC
Chase Card
Po Box 15298
Wilmington, DE 19850-5298

16-18905-AJC
Chase Mtg
Po Box 24696
Columbus, OH 43224-0696

16-18905-AJC
CITIFINANCIAL
BANKRUPTCY FORECLOSURE UNIT
1000 TECHNOLOGY DRIVE
OFALLON MO 63368-2239

16-18905-AJC
Dyck O'Neal
c/0 Daniel C Consuegra
9204 King Palm Avenue
Tampa, FL 33619-1328

16-18905-AJC
Dyck Oneal Inc
3214 W Park Row Dr
Pantego, TX 76013-3136

16-18905-AJC
Jpm Chase
Po Box 24696
Columbus, OH 43224-0696

16-18905-AJC
Midland Funding
8875 Aero Dr Ste 200
San Diego, CA 92123-2255

16-18905-AJC
Midland Funding
8875 Aero Drive
Suite 200
San Diego, CA 92123-2255

16-18905-AJC
Nationwide Recovery Sv
Po Box 8005
Cleveland, TN 37320-8005

16-18905-AJC
Suntrust Bank
Po Box 85052
Richmond, VA 23285-5052

16-18905-AJC
Suntrust Mortgage, Inc.
c/o Florida Default Law Group, P.L.
POB 25018
Tampa, FL 33622-5018

16-18905-AJC
Syncb/Bmrt
Po Box 981439
El Paso, TX 79998-1439

16-18905-AJC
Syncb/Brandsmart
Po Box 965036
Orlando, FL 32896-5036

16-18905-AJC
Syncb/Care Credit
Po Box 965036
Orlando, FL 32896-5036

16-18905-AJC
Syncb/Jcp
Po Box 965007
Orlando, FL 32896-5007

16-18905-AJC
Syncb/Oldnavydc
Po Box 965005
Orlando, FL 32896-5005

16-18905-AJC
Syncb/Toysrusdc
Po Box 965005
Orlando, FL 32896-5005

16-18905-AJC
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

16-18905-AJC
Td Auto Finance
Po Box 9223
Farmington Hills, MI 48333-9223

16-18905-AJC
Unifund Ccr Llc
10625 Techwoods Circle
Cincinnati, OH 45242-2846

16-18905-AJC
Wffnatbank
Po Box 94498
Las Vegas, NV 89193-4498

**16-18905-AJC**
**Juan Rodriguez**
**1919 SW 107th Avenue #605**
**Miami, FL 33165-7345**